# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Nilamkumari Patel, | ) | Civil Action No. 3:23-cv-00072-MGL |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | (Jury Trial Demanded) |
| vs. | ) | |
| Bridgestone Americas, Inc.; Bridgestone Retail Operations d/b/a Firestone Complete Auto Care; Firestone Complete Auto Care Store # 19127, | ) | |
| Defendants. | ) | |

Plaintiff Nilamkumari Patel, by and through her undersigned counsel, files this Complaint against Defendants Bridgestone Americas, Inc.; Bridgestone Retail Operations d/b/a Firestone Complete Auto Care; and Firestone Complete Auto Care Store # 19127 and alleges as follows:

## PARTIES

1. Plaintiff Nilamkumari Patel is a citizen and resident of Richland County, South Carolina.

2. Defendant Bridgestone Americas, Inc. is a corporation incorporated in Nevada and headquartered in Nashville, Tennessee. It is the franchisor of Firestone Complete Auto Care Store # 19127 and is registered to do business in South Carolina.

3. Defendant Bridgestone Retail Operations, LLC is a limited liability company organized under the laws of the state of Delaware and registered to do business in South Carolina.

1

4.   Defendant Firestone Complete Auto Care Store # 19127 is a franchisee of Bridgestone Americas, Inc.

## JURISDICTION

5.   Plaintiff brings this race discrimination action pursuant to 42 U.S.C. § 1981 and South Carolina Code § 45-9-10. The Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

6.   Plaintiff went to Firestone Complete Auto Care Store #19127 ("Firestone") for an automobile service appointment booked by her husband several days earlier.

7.   At the time, Plaintiff and her husband had been loyal Firestone customers for over 15 years.

8.   When Plaintiff attempted to check in for her appointment, a Firestone employee informed her that the location refused to provide service to "any person with the last name Patel."

9.   Plaintiff left the store. A short time later, Plaintiff returned to Firestone with a witness who took a video of the employee repeating that the Firestone location refused to provide service to Plaintiff based solely on her last name.

10.  Plaintiff explained that neither she nor any of her family members had caused issues at Firestone to warrant the denial of services. Regardless, on video and in front of multiple witnesses, the Firestone employee explicitly stated that "anybody associated with that last name is no longer allowed at this location."

11. Following Firestone's racist refusal to provide automotive services to Plaintiff, an employee of Plaintiff's husband attempted to make another appointment for Plaintiff's vehicle to be serviced at Firestone. Firestone again stated it would not allow her to make an "for a Patel."

12. Plaintiff and her husband then attempted to contact Firestone directly to resolve the issue. A Firestone employee responded via email stating that Firestone officials "take these allegations seriously" and were investigating the matter. However, on June 3, 2022, the same employee called Plaintiff's husband to inform him that, although the Firestone employees had made a mistake, no other action would be taken and Firestone's corporate office considered the file closed.

13. By refusing to provide Plaintiff service at her prebooked appointment, Firestone violated her right to the contractual benefits enjoyed by white citizens and infringed upon her right to enjoy public accommodations without discrimination.

14. By declining to take action to rectify Firestone's discriminatory conduct towards Plaintiff, all Defendants condoned Firestone's racist conduct and policies.

15. Firestone's acts and omissions directly and proximately violated Plaintiff's civil rights under state and federal law and merit an award of actual and punitive damages.

**FIRST CAUSE OF ACTION**
(Intentional Discrimination in Violation of 42 U.S.C. § 1981)

16. Plaintiff incorporates each of the foregoing paragraphs as if set forth verbatim.

17. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give

evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

18. Plaintiff is a member of a protected group based on her nationality, race, and color.

19. Firestone intentionally discriminated against Plaintiff based on her race by refusing her service.

20. Firestone's discrimination directly interfered with Plaintiff's right to contract by refusing to honor Plaintiffs pre-booked appointment for vehicle service.

21. By refusing service to Plaintiff, Defendant prevented her making and enjoying the benefits of contracts which white citizens enjoy in violation of 42 U.S.C. § 1981.

22. As a direct result of Firestone's discrimination, Plaintiff has suffered emotional distress, mental anguish, and humiliation.

23. Plaintiff is therefore entitled to compensatory and punitive damages in an amount sufficient to compensate her for all damages suffered as a result of Firestone's discriminatory conduct. Plaintiff is also entitled to reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

## **SECOND CAUSE OF ACTION**
(Discrimination in Violation of S.C. Code Ann. §§ 45-9-10 & -30)

24. Plaintiff incorporates each of the foregoing paragraphs as if set forth verbatim.

25. Firestone intentionally discriminated against Plaintiff by refusing to service Plaintiff's vehicle based on her race.

26. Firestone is a place of public accommodation under South Carolina law.

27. Firestone's refusal to service Plaintiff's vehicle violated Plaintiff's rights under state law entitling her to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation without discrimination or segregation on the ground of race, color, religion, or national origin.

28. As a direct result of Firestone's discrimination, Plaintiff has suffered emotional distress, mental anguish, and humiliation and is entitled to compensatory and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Firestone in this matter in a sum sufficient to adequately compensate her for damages suffered, for punitive damages sufficient to impress upon Firestone the seriousness of its discriminatory conduct, for the costs of this action, for attorneys' fees, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/ Kathleen McDaniel
Kathleen McDaniel (Fed. I.D. No. 10139)
Annie Day Bame (Fed. I.D. No. 13363)
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, 2nd Floor (29201)
PO Box 1929
Columbia, South Carolina 29202
T: 803.904.7915
F: 803.904.7910
KMcDaniel@burnetteshutt.law
ABame@burnetteshutt.law

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina
January 6, 2023

5